UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 1:08-cr-0284 OWW |
| | ) | |
| Plaintiff, | ) | MEMORANDUM DECISION AND |
| | ) | ORDER RE: DEFENDANT'S |
| v. | ) | MOTION TO SUPPRESS EVIDENCE |
| | ) | |
| ROBIN BLAKE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This case is before the Court on Defendant's Motion to Suppress Evidence seized August 11, 2005 by Deputies of the Merced County Sheriff's Office pursuant to a search warrant issued by the Superior Court of California, County of Merced Judge on or about August 5, 2005.  Defendants' computers were seized on August 11, 2005.  The hard drives were forensically analyzed over the period August to September 23, 2005.

The search warrant was issued as the result of an investigation of Defendant based on an accusation by a juvenile female that the Defendant had shown her images of pornography on his computer.  The Defendant also had allegedly attempted to take sexually explicit digital photographs of the minor female in the nude.  The Defendant also was suspected of having sought to

1

induce the 11 year old female, who was the daughter of his girlfriend, to view sexually explicit images on his computer. Defendant previously pled guilty to a violation of California Penal Code § 288.2, exhibiting harmful matter to a minor with the intent to seduce the minor. The events which form the bases for Defendant's conviction and the search warrant, occurred approximately twelve months prior to the August 5, 2005 issuance of the search warrant.

## I. THE SEARCH

The detailed pornographic images described in the indictment were found on one of Defendant's computers seized pursuant to search warrant executed on August 11, 2005. The laptop computer, desktop computer, two external hard drives, zip disks, compact disk, and the evidence of Defendant's dominion and control of the premises and its contents, were all seized during that search.

A subsequent forensic analysis of the desktop computer revealed several images of the minor female victim, recovered from the computer hard drive, despite the computer user's attempt to delete them. Some photos depicted the victim posing with no shirt on, exposing her bare back, corroborating her previous description to law enforcement. There were also images of the 11 year old victim lying on the sofa with her clothes on, but with her legs spread. In one image, the victim had her legs spread and her hand down the front of her pants.

Forensic examination revealed on the same computer in unallocated or "slack" space (where the computer user had attempted to delete files but they had not yet been overwritten),

which were recoverable with forensic software, images of one or more females who appeared to be approximately 14 years old in various stages of undress. Some images depicted a young girl completely nude showing her breasts and/or genital area. Additional numerous images were located under the location: /mypictures//preteen; which appeared to be child pornography. The approximately 60 images in this folder that depicted minors engaged in sexually explicit poses and/or in sexual acts with other minors or adults. Those images were accessed on dates ranging from June 16, 2005 to August 10, 2005. The folder had been created on December 27, 2002. Eighty-six (86) images of suspected child pornography were located in "slack space."

Additional evidence of child pornography files and how it was acquired were found on Defendant's computer. Twenty-seven (27) video files related to child pornography were found in a folder created December 27, 2002, last accessed on August 11, 2005. The peer-to-peer file-sharing program - Limewire was found on the computer in various folders associated with that program. Additional child pornography evidence was found on a Diamond Max 120 Gigabyte external hard drive seized at the Defendant's residence. The Defendant's guilty plea to the Penal Code § 288.2 charge was entered in July, 2008.

## II.   LAW AND ANALYSIS

A.   Affirmative Right to Challenge State Search Warrant.

The government's argument that the Defendant's guilty plea to the 288.2 charge represents a break in the chain of events which preceded it in the criminal process and prevents him from

3

raising independent claims related to deprivation of constitutional rights that occurred prior to the entry of the guilty plea, is not applicable.  *Tollett v. Henderson*, 411 U.S. 258, 266 (1973).

As analyzed in open court, the defendant's "grooming" behavior and attempts to induce the minor to have exposure to sexual images and physical contact with him, provided probable cause for the issuance of the search warrant, for computer stored material related to the sexual exploitation of an 11 year old minor female.  Whether or not the search warrant was supported by probable cause and properly executed, to the extent it is sought to provide the foundation for a separate crime, not charged by indictment in this court, does not defeat Defendant's standing to challenge the search in this separate federal prosecution.

B.   <u>Probable Cause for Issuance of the Search Warrant</u>.

The standard under *Illinois v. Gates*, 460 U.S. 213, 235 (1983) is that the evidence need only show the probability, not a prima facia showing, of criminal activity to justify issuance of the search warrant.  The law requires that the evidence be sufficient to answer the "common sense, practical question whether there is 'probable cause' to believe that contraband or evidence is located in a particular place before issuing a search warrant."  *United States v. Gourde*, 440 F.3d 1065, 1069 (9th Cir. 2006).  This requires a showing of a probability of criminal activity and that the evidence of a crime will be located at the place to be searched.

The reviewing standard applicable to search warrant

4

affidavits, is that hyper-technical interpretations should not be used, rather, common sense is to be applied and doubtful cases are resolved in favor of upholding the warrant. *Gates*, 462 U.S. at 236; *United States v. Ventresca*, 380 U.S. 102, 106 (1965). The Magistrate Judge's determination of whether probable cause exists "should be paid great deference." *Gourde*, 440 F.3d at 1069; *United States v. Hay*, 231 F.3d 630, 634 n.4 (9th Cir. 2000).

Here, the evidentiary detail permitted the issuing Judge to make a fact-specific, practical, and common sense determination that Defendant, in his home, attempted to expose an 11 year old minor female, who was the daughter of his girlfriend, to sexually explicit matter with the intent to seduce the minor. The Defendant engaged in inappropriate conduct with the girl. The victim sat on the Defendant's lap, when the Defendant asked her if she wanted to see something on his computer. He then exhibited images of adult women, some in bikinis, others who were nude. One image depicted a nude woman with her legs spread open and the victim described the "woman's private area as 'shaved.'"

When the victim asked to watch a pay-per-view movie, the Defendant agreed but said he wanted to take a nude photograph of the victim. The victim told Defendant that she did not want him to take nude photographs of her, but, agreed to let Defendant take a photograph of her without her shirt, but only from the back. The Defendant took a digital photograph of the victim's unclothed back and told the victim not to tell her mother that it "was just between them."

No more than a probability of criminal activity is required

5

to support the issuance of a search warrant.  Here, evidence that Defendant exhibited harmful matter to a minor with the intent to seduce the minor at the Defendant's residence, was supported by the facts specifically set forth in the search warrant and that sexually explicit materials would be found on the Defendant's computer, where the victim had observed photographs of partially clothed and nude females on Defendant's computer.

*United States v. Spilotro*, 800 F.2d 959, 963 (9th Cir. 1986) applies a three part test whether a search warrant is sufficiently precise: "(1) whether probable cause exists to seize all items of a particular type described in the warrant; (2) whether the warrant sets out objective standards by which executing officers can differentiate items subject to seizure from those which are not; and (3) whether the government was able to describe the items more particularly in light of the information available to it at the time the warrant was issued. *Id.*, at 963-964.  Here, computers in the possession of Defendant including a laptop and desktop were within the scope of probable cause, because sexually exploitive material including nude images of a female, could be found on Defendant's computer, where the victim had observed some of such images.  The limitation of computers to be searched was for such evidence of child sexual exploitation and sexually explicit images and child pornography.  This limiting specificity was more than sufficient.  The Ninth Circuit has upheld the wholesale search of computer files for specifically defined items.  *United States v. Hay*, 231 F.3d 630, 637-38 (9th Cir. 2000) (upholding search of entire computer system where warrant authorized seizure of child pornography,

6

1  because child pornography is sufficiently specific to focus
2  search).  Such a practice does not offend concerns behind the
3  Fourth Amendment because "a search of a computer . . . is not
4  inherently more intrusive than the physical search of an entire
5  house for a weapon or drugs." *United States v. Upham*, 168 F.3d
6  532, 535 (1st Cir. 1999), *quoted in Hay*, at p. 637, n.6.  Here,
7  the forensic analysis of the contents of the computer hard drive
8  were conducted on September 9 and 23 following initial reviews on
9  August 18 or 19.  This was within thirteen to forty-nine days
10 following the actual seizure of the computer.

12 C.   The Evidence Was Not Stale.
13      The probable cause for the search warrant was not based on
14 stale information.  An approximate twelve month lapse occurred
15 after the events giving rise to application for the search
16 warrant.  The declaration in support of the application for
17 search warrant showed that the images sought to be recovered from
18 Defendant's computer were perpetuated on media which included
19 images, text fragments and instant messages, all of which can be
20 recovered from a computer hard drive, even if they had been
21 deleted by the user.  Special forensics software such as Encase
22 is used to recover images from the hard drive of a computer.
23      Substantial legal authority from circuits around the United
24 States confirms that a twelve month lapse of time is not an
25 unreasonable delay.  *United States v. Morales-Adahondo*, 524 F.3d
26 115, 119 (1st Cir. 2008) (passage of three years).  Because the
27 computer was in the possession of Defendant and the information
28 was stored on a hard drive, there was little risk that the

7

evidence would not be available, recoverable, or that it would have been subject to disruption.  The issuing Judge was well justified in believing that evidence of the sexually exploitive materials would still be at the Defendant's residence in his computer.  Defendant has not suggested any prejudice nor that the search was not for specifically identified subject matter.

D.   <u>The Search Warrant Was Not Overbroad</u>.

The description of the property to be seized was any and all computer equipment, hardware, and software, and was qualified by the limitation that only evidence of child exploitation or child pornography be the subject of the seizure.  Moreover, because a computer and its hard drive, are not severable, and as noted by the government, the Defendant has not filed a motion to return property, make it unlikely that he has suffered the seizure of innocent property which should not have been subject to seizure.

There is no legal requirement that a search warrant include a specification of the precise manner in which the search is to be executed.  *United States v. Grubbs*, 547 U.S. 90, 98 (2006).  As the Tenth Circuit has explained, while a search warrant must describe with particularity the object of the search, "the methodology used to find those objects need not be described: this court has never required warrants to contain a particularized computer search strategy."  *United States v. Brook*, 427 F.3d 1246, 1251 (10th Cir. 2005).  After a computer search, "[i]t is unrealistic to expect a warrant to prospectively restrict the scope of a search by directory, file name or extension or to attempt to structure search methods - that

8

1  process must remain dynamic." *United States v. Burgess,* 576 F.3d 1078, 1092-1093 (10th Cir. 2009).

A pinpoint computer search restricting the search to a particular program or specific search terms is unrealistic. *United States v. Adjani*, 452 F.3d 1140, 1149-50 (9th Cir. 2006). Nor is a search protocol required to comply with a search warrant. *United States v. Kahanni*, 502 F.3d 1281, 1290-91 (11th Cir. 2007); *United States v. Cartier*, 543 F.3d 442, 447-48 (8th Cir. 2008). Defendant relies on *United States v. Comprehensive Drug Testing, Inc.*, 579 F.3d 989, 1006-07 (9th Cir. 2009) ("CDT"). The government distinguishes *Comprehensive Drug Testing,* as the challenge there was to an allegedly overbroad seizure of evidence held by a third-party. The remedy sought was not suppression of evidence in a criminal case, but return of property in which privacy rights were claimed in a civil proceeding.

Second, the *CDT* case addressed a federal search warrant issued by a U.S. Magistrate Judge, not a state judge.

Third, *CDT* purports only to issue "guidance" to Federal Magistrate Judges to be considered for future search warrants, not state judges.

Fourth, the *CDT* Court's guidance applies to future search warrants not those that already have been executed, such as the state search warrant here.

Fifth, good faith reliance on an existing warrant can salvage an infirm search warrant. The government relies on the doctrine that if police act in objectively reasonable reliance on a subsequently invalidated search warrant, the good faith

9

exception may save the search.  *Herring v. U.S.,* 129 S.Ct. 695, 701 (2009); *quoting United States v. Leon*, 468 U.S. 897, 922 (1984).

E.   <u>State Search Warrant Law</u>

Defendant has emphasized California Penal Code § 1534(a)[1] and the requirement of the return of seized property within ten days.  The language of the state law is that if the search warrant is not returned or strict compliance is not otherwise had, that the search warrant is void.

> (a)  A search warrant shall be executed and returned within 10 days after date of issuance.  A warrant executed within the 10-day period shall be deemed to have been timely executed and no further showing of timeliness need be made.  After the expiration of 10 days, the warrant, unless executed, is void.  The documents and records of the court relating to the warrant need not be open to the public until the execution and return of the warrant or the expiration of the 10-day period after issuance.  Thereafter, if the warrant has been executed, the documents and records shall be open to the public as a judicial record.

Cal. Penal Code § 1534(a).

The weight of authority holds that the test of whether a search or seizure violates the Fourth Amendment is one of federal law, "neither enlarged by what one state court may have countenanced, nor diminished by what another may have colorably suppressed."  *United States v. Becerra-Garcia*, 397 F.3d 1167, 1174 (9th Cir. 2005); *see also, United States v. Smith*, 9 F.3d 1007, 1014 (2d Cir. 1993) ("[T]he touchstone of a Federal Court's

---

[1] The Federal Rule is found at Fed. R. Crim. P. 41(e)(2)(i) requiring execution of the search warrant and return of property within ten days.

10

review of a state search warrant secured by local police officials and employed in a Federal prosecution is the Fourth Amendment and its requirements and no more"). Whether or not a forensic computer search warrant complied with the ten-day rule set forth in California Penal Code § 1534 does not necessarily determine the legality of that state authorized search under the Fourth Amendment.

Under federal law, "neither Rule 41 nor the Fourth Amendment impose any time limitation on the government's forensic examination of the evidence seized." *United States v. Triumph Capital Group, Inc.*, 211 F.R.D. 31, 66 (D.Conn. 2002). "The Fourth Amendment only requires that the subsequent search of the computer be made within a reasonable time period." *United States v. Mutschelknaus*, 564 F.Supp.2d 1072, 1076 (D.N.D. 2008).

Defendant admitted that he could find no case law supporting his argument that a void return of property under state law required suppression of evidence seized pursuant to the search warrant.

Defendant acknowledged that Rule 41(e) authorizing the seizure of electronic storage media or the copying of electronically stored information permits a later review of the stored media information. The Advisory Committee Notes to the 2009 Rule 41 Amendments recognized that later analysis of the contents of a computer are lawful. *See also, United States v. Hernandez*, 183 F.Supp.2d 468, 480 (D.P.R. 2002); *United States v. Syphers*, 426 F.3d 461, 469 (1st Cir. 2005): "[T]he Fourth Amendment itself contains no requirements about when the search or seizure is to occur or the duration," other than

11

reasonableness.  The reason for the rule is explained by recognition that when computer hard drives are seized, the evidence they contain is "frozen in time," obviating staleness concerns present with other warrants and ensuring that probable cause continues to exist.  *Matter of the Search of the Scranton Housing Authority*, 436 F.Supp.2d 714, 728 (M.D. Pa. 2006), *vacated on other grounds*, 487 F.Supp.2d 530 (N.D.Pa. 2007) (continuing forensic exam on a computer seized more than a year earlier was valid).

F.    The Good Faith Exception Validates the Search and Seizure.

       Even if a seizure is technically unreasonable or unlawful, where officers act in reasonable reliance on a duly issued search warrant by a neutral and detached Magistrate, which is ultimately found not to be supported by probable cause, th seized evidence shall not be suppressed where the officers have acted in good faith and not dishonestly or recklessly.  *United States v. Leon*, 468 U.S. at 926.  Here, none of the officers engaged in wrongful conduct.  A neutral officer took a report from an 11 year old victim of a sexual crime, to which the Defendant has pled guilty. She described facts that revealed the Defendant had attempted to engage in "grooming" behavior to make sexual approaches to the minor by exposing her to sexually explicit material on a computer as part of his additional objective to take nude photos of the victim.  There are no material omissions or misstatements in the affidavit supporting the issuance of the warrant nor any misconduct identified by the Defendant to have been committed by any officer.

The record establishes the officers relied in good faith in seizing computers to search for child pornography and other sexually explicit material, inappropriate for viewing by a minor. They acted under color of an appropriately issued search warrant under the authority of a state Supreme Court judge.

### III. CONCLUSION

For all the reasons discussed above, the Defendant's Motion to Suppress the seizure of Defendant's computers and the results of the forensic examination and analysis of the hard drives is **DENIED**.

IT IS SO ORDERED.

**Dated: February 24, 2010**           /s/ Oliver W. Wanger
                              UNITED STATES DISTRICT JUDGE