UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ROBIN BLAKE,<br><br>　　　　Defendants. | Case No.: 1:08-cr-00284 JLT<br><br>ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE<br><br>(Doc. 54) |

Robin Blake moves the Court for an order terminating his supervised release early after having completed six of his required ten years. For the reasons set forth below, the motion is **DENIED**.

**I. Background**

Mr. Blake had come to the attention of law enforcement when officers received a report that Mr. Blake had attempted to expose an 11-year-old to sexually explicit material in an attempt to seduce her. (Doc. 45 at 5) The child described the pornographic photos, which Mr. Blake showed her on his computer. *Id*. It was reported that the child sought to watch a pay-per-view movie, but Mr. Blake would not allow it unless the child posed for a nude photo. *Id*. The child refused but agreed to allow him to take a photo of her naked back. *Id*. The child said that Mr. Blake told her not to tell her mother, who was his girlfriend, because it "was just between them." *Id*.

1

Officers executed a search warrant at Mr. Blake's home and discovered photos consistent with the child's description of the "naked back photo" and photos of the girl clothed, but with her legs open and photo of the girl with her legs spread and with her hands down the front of her pants. (Doc. 45 at 2) In addition, investigators found about 175 images of child pornography on Mr. Blake's computers and external hard drives. *Id*. at 3; Doc. 1 at 6-8) Mr. Blake was prosecuted in state court and eventually plead guilty to a violation of California Penal Code § 288.2, based upon his "grooming" behavior of the child, which included showing pornography to the child. (Doc. 45 at 3, 4; Doc. 1 at 6)

A month later, in August 2008, Mr. Blake was charged in federal court and indicted a month after that, with a violation of 18 U.S.C. § 2252(a)(2), Receiving or Distributing Material Involving the Sexual Exploitation of Minors and a violation of 18 U.S.C. § 2252(a)(4)(B), Possession of Material Involving the Sexual Exploitation of Minors. (Doc. 1; Doc. 12) On March 1, 2010, Mr. Blake entered guilty pleas as to both charges according to Federal Rules of Criminal Procedure 11(c)(1)(C) (Doc. 46). The Court accepted the plea agreement and imposed the agreed-upon sentence of 97 months in custody and 180 months of supervised release. (Doc. 46; Doc. 49; Doc. 50)

Mr. Blake was released from custody and began his term of supervised on September 28, 2015. (Doc. 52) He reports that he has complied with the terms of supervision. (Doc. 54 at 3, 4) He is working and an active member of his church. *Id*. at 3. He reports that "he has derived the maximum benefit from supervision and that continued supervision is not necessary." *Id*. at 4. On this basis, Mr. Blake seeks early termination of his supervise release. *Id*.

The government opposes the motion and notes that a major part of the rationale for imposing supervised release is protection of the public. (Doc. 57 at 1) While recognizing that early termination does not depend upon exceptionally good behavior, the government argues that compliance with the conditions of supervision is a minimum that is expected of a supervisee, and this does not justify early termination of supervision. *Id*. at 3-5

**II. Analysis**

The Court acknowledges its discretion to terminate supervision early in this case. In

considering the motion, the Court notes first that the underlying offense was serious and dangerous to the most vulnerable of society. Unlike many committing the same crimes as Mr. Blake, he took steps to "groom" the child to allow for her "seduction." (Doc. 45 at 3-5) Based upon this conduct, the Court concluded that 120 months of supervised release was necessary to protect the public once Mr. Blake was released from custody.

Though the Court is aware that Mr. Blake has had no violations of his supervision—and this is applauded—compliant behavior is what the conditions of supervision and the Court expect. Though the Court cannot say that ongoing compliance with conditions would not be sufficient in many other cases, mere compliance with release conditions in this particular case, is insufficient. [1]

Finally, despite this, the Court appreciates that Mr. Blake has made significant strides in reentering society. However, the Court must be concerned not only for Mr. Blake's rehabilitation but also—and maybe more concerned—for the vulnerable members of the community. Thus, the Court is unconvinced that it can safely terminate supervision at this time. For these reasons, and after considering all of the § 3583(e)(1) factors, the motion for early termination of supervised release is **DENIED**.

IT IS SO ORDERED.

Dated:    **February 26, 2025**

UNITED STATES DISTRICT JUDGE

---

[1] A psychological evaluation by a qualified therapist, which is backed up by objective evidence, demonstrating that Mr. Blake no longer poses a risk to society, would be strong evidence that he no longer needs supervision.

3